ROBERT W. LEWIS, Administrator, Appellant, v. P. W. WARDEN, Respondent.

Kansas City Court of Appeals, April 29, 1912.

1. NOTE: Surety: Notice to Sue: Duplicate Copies. A notice by a surety to the payee of a promissory note, requiring him to sue thereon within thirty days, must be in writing, but need not consist of two copies, one to be served on the payee and the other to be retained by the surety. It is sufficient that the payee is properly served with a notice in writing.

2. ——: ——: Lost Notice: Verbal Testimony. If a written notice by a surety to a payee in a note, to sue thereon within thirty days, is lost by the payee, the surety may prove its service and contents by oral testimony.

Appeal from Mercer Circuit Court.—*Hon. G. W. Wanamaker*, Judge.

AFFIRMED.

*E. C. Wickless* and *Orton & Orton* for appellant.

*Stepp & Warden* and *Hall & Hall* for respondent.

ELLISON, J.—This action is by an administrator whose intestate was the payee in a promissory note, defendant being a surety thereon. The defense was a written notice to the payee to sue and a failure to do so. The judgment in the trial court was for defendant.

Notice to a payee from a surety, requiring suit to be brought on the note, is provided for in Revised Statutes 1909, sections 11169-11171. The question in this case is whether the notice shall be made out in duplicate by the surety, he serving one on the principal and retaining the other as evidence of service. The notice is required to be in writing, and there must be personal service. The idea that one copy shall be delivered to the principal and another retained by the surety as evidence, is based on section 11271, which reads as follows: "The notice required above shall be served by delivering a copy thereof to the person having the right of action on the instrument, or leaving a copy at his usual place of abode with some person of the family over the age of fifteen years."

There is nothing in that section which makes it necessary that the surety shall retain a copy of the notice served on the payee. The necessity that he should do so cannot be likened to a summons, for that is a court record and contains a sheriff's return, indisputable. The statute goes no further than to require a written notice. The evidence shows that written notice was given to the payee's agent, and, concluding that it would not do, another notice was written and served on the payee himself. This notice could not be found among the payee's papers and verbal evidence that it had been given and of its contents, was allowed. We think this was proper, for it could not

reasonably be supposed that the Legislature intended that a surety should be cut out of his right by the accident of loss of the writing.

There was objection made to testimony by defendant as to a conversation he had with the administrators after their appointment. The reason assigned was that the other party (the payee) was dead. It is not necessary to decide the question whether such evidence was admissible under the terms of section 6354, Revised Statutes 1909, for what there was of it consisted of an admission by the administrators that they had no claim against defendant, and part of the answer was not responsive to the question asked. The question was whether defendant had asked the administrators if they had a claim against him. The full answer was: "Yes, sir; and they said no." The two first words were a full answer to the question and the remainder was stricken out by the court, by saying to the jury that it was "an inadvertent remark that don't belong there." At any rate the record convinces us that the merits of the controversy were not affected, and the whole matter considered, there was nothing to justify a reversal.

The further objection was made that defendant was permitted to testify that he served the notice to sue. He did in an incidental way bring in a remark bearing that construction; but no objection was made to it, nor exception taken.

The court's action on instructions given and refused, was proper.

There was no error in the court's action on the motion for new trial, upon which affidavits and counter affidavits were filed.

We have no authority to interfere, and hence affirm the judgment. All concur.